# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| AIDETH CABADA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 6759 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| CITY OF CHICAGO and | ) | |
| SOUTHWEST AIRLINES CO., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this negligence suit against defendants in state court. Defendants removed the suit, arguing that plaintiff had fraudulently joined the City solely to defeat diversity jurisdiction. The case is before the Court on plaintiff's motion to remand the case to state court. For the reasons set forth below, the Court denies the motion.

## Discussion

On June 26, 2013, plaintiff was working for RAS Services, Inc., cleaning a Southwest Airlines Co. ("SWA") airplane at Chicago Midway Airport. (Compl. ¶¶ 1-4, 8.) Unbeknownst to her, the plane's front exit door had been left open. (*Id.* ¶ 11.) Plaintiff fell out of the plane and sustained serious injuries. (*Id.*)

Thereafter, plaintiff, an Illinois citizen, filed a complaint in state court charging both the City, which is an Illinois citizen, and SWA, which is not an Illinois citizen, with negligence. With respect to the City, plaintiff alleges that her injuries were caused by its failure to: (1) "implement adequate rules, regulations, policies or procedures relating to safety during the servicing of airplanes at Midway Airport"; (2) "adequately monitor or supervise airlines and contractors to insure the

implementation and/or observation of appropriate safety rules, regulations, policies or procedures regarding the servicing of airplanes at Midway Airport"; and (3) "provide appropriate safety devices, equipment or instruction to contractors." (*Id.* ¶¶ 14-15.) Defendants removed the suit to this Court, arguing that the City had been fraudulently joined to the suit solely to destroy diversity.

"Under the fraudulent joinder doctrine . . . , an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has 'no chance of success.'" *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992)). "To establish fraudulent joinder, a removing defendant 'must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.'" *Id.* (quoting *Poulos*, 959 F.2d at 73) (emphasis in original).

The City contends that plaintiff could not possibly succeed on her negligence claims against it because it did not have a duty to her under common law, contract or statute. *See Anderson v. Alberto-Culver USA, Inc.*, 740 N.E.2d 819, 825 (Ill. App. Ct. 2000) (stating that negligence requires breach of a duty, and the existence of a duty is a question of law). However, the City's agreement with SWA suggests that may not be true. In relevant part, the agreement gives SWA the right to: (1) "use [designated] aircraft parking positions" at Midway, and makes it responsible for the maintenance of those positions; (2) "repair, maintain, condition, service, tow, test, park and store aircraft and other equipment of the Airline in areas designated for such purposes by the [City's] Commissioner [of Aviation] and on the conditions and terms designated by the Commissioner"; (3) "purchase, install, use and maintain, at the Airline's aircraft parking positions, loading bridges and mobile stair devices for the loading, unloading and general servicing of the Airline's aircraft . . . and

2

other miscellaneous aircraft and aircraft-related support equipment and facilities; and (4) purchase or otherwise obtain services . . . in connection with or incidental to the Airline's Air Transportation Business at the Airport." (City & SWA's Resp. Pl.'s Mot. Remand. Ex. 1, Airport Use Agreement & Facilities Lease at 16-17 & Ex. H.) However, these rights are subject to the "Rules and Regulations governing the conduct at and the operations of the Airport promulgated . . . by the Commissioner," "the City's right to monitor the Airline's compliance with th[e] Agreement," and the City's right,

> at all reasonable times to enter the Airline's Leased Premises for the purpose of inspecting the same . . . and for any other purpose necessary for or incidental to or connected with the performance of the City's obligations hereunder, or in the exercise of its governmental functions or in the City's capacity as the Airport owner.

(*Id.* at 16, 23, 67.) Moreover, the agreement makes SWA "responsible for . . . maintenance and repair of its Leased Premises" including "keep[ing] all fixtures, equipment and personal property in a clean, safe, sanitary and orderly condition." (*Id.* at 53.) But it also gives the City the right to perform any of SWA's obligations if "[SWA's] failure to perform any such obligation endangers the health or safety of persons or the safety of operations at the Airport." (*Id.* at 54.) Absent a factual context, the Court cannot say as a matter of law that these provisions did not give the City a duty of care to plaintiff.

Even if it did have a duty, however, the City would be immune from plaintiff's claim that it was negligent for failing to create safety regulations for work on planes. *See* 745 Ill. Comp. Stat. 10/2-103 ("A local public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law."); 745 Ill. Comp. Stat. 10/1-203 (defining "enactment" to include regulations).

3

It would also be immune from plaintiff's claim that it should have provided safety equipment to SWA or its contractors because she does not allege that doing so was a ministerial task mandated by law. *See* 745 Ill. Comp. Stat. 10/2-201 ("[A] public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."); *Kennell v. Clayton Twp.*, 606 N.E.2d 812, 816 (Ill. App. Ct. 1992) ("Discretionary acts are those which are unique to the particular public office and involve the exercise of judgment," while "ministerial acts are those which are performed in a prescribed manner, in obedience to the mandate of legal authority, without regard to the exercise of discretion as to the propriety of the acts being done."); *Bowers ex rel. Bowers v. Du Page Cnty. Reg'l Bd. of Sch. Trs. Dist. No. 4*, 539 N.E.2d 246, 254 (Ill. App. Ct. 1989) (school board's decision not to provide certain gym equipment was a discretionary act immunized by § 10/2-201); *see also* 745 Ill. Comp. Stat. 10/2-109 ("A [municipality] is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.").

Likewise, the City would be immune from plaintiff's claims that it inadequately supervised SWA and negligently failed to enforce existing airport regulations because she does not allege that these omissions were the result of willful and wanton conduct. *See* 745 Ill. Comp. Stat. 10/3-108(b) (stating that a municipality "is [not] liable for an injury caused by a failure to supervise an activity on or the use of any public property unless the . . . [municipality] has a duty to provide supervision imposed by common law, statute, ordinance, code or regulation and [it] . . . is guilty of willful and wanton conduct in its failure to provide supervision proximately causing such injury."); 745 Ill. Comp. Stat, 10/2-202 ("A public employee is not liable for his act or omission in the

4

execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct."); *Barnett v. Zion Park Dist.*, 665 N.E.2d 808, 814 (Ill. 1996) (treating regulations as "law" for purposes of § 2-202).

In short, even if the City had a duty to plaintiff, it would be immune from her negligence claims as they are currently alleged. Because plaintiff could not possibly succeed on her claims against the City, its joinder to this suit is fraudulent, and does not, therefore, deprive the Court of diversity jurisdiction.

## Conclusion

For the reasons set forth above, the Court dismisses the City of Chicago from this suit as having been fraudulently joined, strikes as moot the City's motion to dismiss [12], and denies plaintiff's motion to remand [26].

**SO ORDERED.**                   **ENTERED:** December 2, 2014

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**